# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICKIE L. HILL,

    *Plaintiff*,

vs.

W. OAKLEY., *et al.*

    *Defendants*.

3:11-cv-00609-RCJ-WGC

ORDER

    This prisoner civil rights action is before the Court: (a) on plaintiff's motion (#23) of inquiry on mandate; (b) on his motion (#30) styled as a motion to compel; (c) following an order (#28) by the Court of Appeals regarding the appellate filing fee; and (d) following completion of the ninety-day stay for settlement efforts.

    The motion (#23) of inquiry on mandate will be denied. The Court does not define documents in lay terms. The Court of Appeals reversed a district court order dismissing the action for failure to state a claim. The reversal and remand means only that plaintiff's case may proceed forward to the next step. The reversal and remand does not mean that plaintiff has won his case, and it does not mean that he is owed $80,000.00, or any other amount. Nor is there any order specifying the state or institution in which plaintiff may be held.

    The motion (#30) styled as a motion to compel will be denied. Plaintiff is seeking to bar the Attorney General's Office from substituting one Deputy Attorney General for another as counsel. Neither plaintiff nor the Court has any say as to which Deputy Attorney General appears for the Attorney General's Office, subject only to the proviso that any new counsel substituting into the case is subject to the then pending deadlines in the case. The Court will

discuss plaintiff's concerns about settlement discussions at the status hearing set for December 31, 2013.

Turning to the Ninth Circuit's December 5, 2013, order (#28), investigation of the Court's administrative records reflects that a payment erroneously was credited toward payment of the appellate filing fee rather than to the district court filing fee. That clerical error has been corrected, and the payment in question has been designated in the Court's administrative records instead properly as a payment of the district court filing fee. Neither the Ninth Circuit's order nor any order of this Court has vacated the prior order (#9) directing the payment of the district court filing fee in installments. The reversal of the portion of the prior order and judgment dismissing the action for failure to state a claim similarly did not relieve plaintiff of the obligation to pay the full $350.00 district court filing fee.

The ninety-day stay has completed, and the matter now shall proceed forward.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion (#23) of inquiry on mandate and motion (#30) to compel are DENIED.

2. The stay previously entered herein is lifted and that, within twenty-one (21) days of entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendant(s) for whom it accepts service; (b) the names of the defendant(s) for whom it does **not** accept service, **and** (c) the names of the defendant(s) for whom it is filing last-known-address information under seal. As to any of the named defendant(s) for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name **and** address for the defendant(s).

4.	If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

5.	Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

6. The Clerk of Court shall send a notice of electronic filing of this order also to the Court of Appeals, regarding its No. 12-15108, in connection with the first full paragraph at lines 3-11 on page 2 of this order, and shall reflect that transmittal for No. 12-15108 in the docket entry for this order.

DATED:  December 20, 2013.

_____
WILLIAM G. COBB
United States Magistrate Judge