UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICKIE L. HILL, | ) | 3:11-cv-00609-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: Docs. # 52, #53 and #59** |
| W. OAKLEY, et al., | ) | |
| Defendants. | ) | |

**I. Plaintiff's Notice of In Camera Submission (Doc. # 52)**

Before the court is Plaintiff's Notice of In Camera Submissions. (Doc. # 52.)[1] No documents accompanied Plaintiff's notice. The court presumes that Plaintiff's notice is related to Plaintiff's Request for In Camera Production of Documents (Doc. # 53), which the court will discuss below.

Local Rule 10-5(a) provides that papers which are4 submitted for *in camera* inspection are not to be filed with the court but delivered to chambers of the appropriate judge. A notice of *in camera* submission is thereafter to be filed. As the docket reflects, Plaintiff has complied with the notice requirement but has submitted no documents to chambers. Presumably Plaintiff anticipates that if the court were to grant his "Request for In Camera <u>Production</u> of Documents" (Doc. # 53; emphasis added), then those documents would be submitted to the court. However, unless and until the court has any documents before it, the court is unable to consider whether to conduct any *in camera* review.

///

///

---

[1] Refers to the court's docket number.

**II. Plaintiff's Request for In Camera Production of Documents (Doc. # 53)**

Before the court is Plaintiff's Request for In Camera Production of Documents (Doc. # 53). Defendant has opposed the motion by filing a Motion to Strike (Doc. # 59) and Plaintiff has replied. (Doc. # 66.)

Initially the court will address Defendant's filing a motion to strike plaintiff's request for in camera production. Defendant's response should actually have been submitted as an opposition, not a counter motion. Filing motions to strike, which are generally limited to addressing other pleadings (and under Fed. R. Civ. P. 12(f), a motion is not a pleading), clutters the court's calendar. The substantive approach should simply have been to oppose Plaintiff's request. Accordingly, the court will treat Defendant's motion to strike (Doc. # 59) as a response to Plaintiff's motion.

As addressed above, *in camera* inspections occur when a party delivers DOCUMENTS to Chambers, typically after leave of court is entered authorizing a party to do so. However, Plaintiff's request does not just seek leave to be able to have the court inspect certain specified certain documents. Instead, Plaintiff seeks to have the court order "defendants (sic), their counsel, and custodian of records" to produce a series of documents which apparently have not been the subject of an underlying request for production. (Doc. # 59 at 2.)[2]

Plaintiff states his request should not be construed as a discovery motion. (Doc. # 66 at 1.) In essence, however, that is what Plaintiff is seeking, i.e., that this court order Defendant Oakley to produce certain documents. While Plaintiff acknowledges he may not possess or perhaps even review these materials (Doc. # 53 at 1), nevertheless, the intent of Plaintiff's request is to secure production of materials. The court also notes the contradiction in Plaintiff's request wherein he states he seeks *in camera* submission of the specified documents "for discovery purposes" (albeit purportedly pursuant to Local Rule 10-5, which is not a discovery tool) (*id*. at 1), and his reply memorandum, which states his request is "not to be misconstrued as a discovery motion." (Doc. #66; emphasis in the original.)

///

---

[2] There is only one defendant in this case, Wayne Oakley. Any request for production, or any motion filed with respect to a Rule 34 request, would only be made to Defendant Oakley, not to "defendants" nor to the "custodian of records" nor to "their counsel."

Regardless of whether Plaintiff's request is or is not a discovery motion, Plaintiff's request seeks to have these documents submitted to the court "pursuant to Local Rule 10-5." As noted above, documents are typically only submitted for *in camera* review for the court to determine whether, e.g., a privilege might attach to the documents. *See, e.g.*, *In Re Grand Jury Subpoena 92-1 (SJ)*, 31 F.3d 826 (9th Cir. 1994). Use of the *in camera* procedure provided by Local Rule 10-5 does not contemplate its utilization as a discovery tool.

Plaintiff wants to have these documents produced to the court "so your honor can see what medicines (sic) Oakley is on, if he's a manic depressant, bi-polar, and on appropriate drugs" and "to allow your honor the chance to further understand why a white C/O Oakley would attack a black inmate for no reason." (Doc. # 66 at 2.) *In camera* inspection cannot be utilized to advocate one party's interpretation of the merits of the case or credibility of witnesses.

Even if the court were to order production of the requested documents, and even if the court were to thereafter conduct an *in camera* review of those materials, the court cannot conceive what would follow thereafter. The undersigned would not have the power *sua sponte* to make any determination about the documents or to issue any decision relative to them. Therefore, such an *in camera* review would be a meaningless undertaking.

The Plaintiff's request is a misuse of the *in camera* document review process of Local Rule 10-5. Plaintiff's Request (Doc. # 53) is **DENIED**. Defendant's motion to strike (Doc. # 59) is **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: May 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3