UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL,<br><br>        Plaintiff,<br><br>   vs.<br><br>W. OAKLEY, et al.,<br><br>        Defendants. | 3:11-cv-00609-RCJ-WGC<br><br>**ORDER**<br><br>**Re: Defendant's Motion to Strike Plaintiff's Reply to Defendant's Answer to First Amended Complaint**<br><br>**Doc. # 54** |

     Before the court is Defendant's motion to strike Plaintiff's (Doc. # 50) reply to Defendant's answer to first amended complaint. (Doc. # 54.)[1] No response was filed by Plaintiff.

     Fed. R. Civ. P. 8(a) identifies what documents may be filed as a pleading. It does not include provision for any document to be filed in "reply" to a party's answer. Plaintiff's reply (Doc. # 50) is therefore a fugitive document.

     To the extent Plaintiff seeks to have his reply considered as a "motion for default judgment" (Doc. #50 at 3), Plaintiff's "motion" is without foundation. A default judgment may only be secured if a default against the party has first been entered against that party. Fed. R. Civ. P. 55(b). *New York v. Green*, 420 F.2d 99, 104 (2nd Cir. 2005); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).Further, no default would be appropriate because Defendant Oakley has evidenced an intention to both plead and otherwise defend this action by filing an answer to Plaintiff's amended complaint (Doc. # 39.) Accordingly, under Fed. R. Civ. P. 55(a), no default could be entered.

///

---

[1] Refers to court's docket number.

1  Defendant's motion to strike (Doc. # 54) is **GRANTED.**  Plaintiff's reply to Defendant's answer
2 (Doc. # 50), insofar as it may seek entry of default and/or default judgment, is **DENIED.**
3 IT IS SO ORDERED.
4 DATED:  May 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE