UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL,            ) | 3:11-cv-00609-RCJ-WGC |
|                                      ) | |
| Plaintiff,         ) | **ORDER** |
|                                      ) | |
| vs.                          ) | **Re: Motion for Photographic Evidence** |
|                                      ) | |
| W. OAKLEY, et al.,     ) | **Doc. # 56** |
|                                      ) | |
| Defendants.    ) | |
| _____) | |

Before the court is Plaintiff's motion for photographic evidence. (Doc. # 56.)[1] Defendant has responded (Doc # 61) and Plaintiff has replied (Doc. # 67).

Plaintiff seeks to have this court order "prison official to photograph enlargen (sic) to standard 8 x 10 exhibit size, and so produce the view of the of the long hallway adjacent to the property room where Plaintiff was first assaulted by Defendant Oakley, and another shot inside of the property room, from the front and backside of the space." (Doc. # 56 at 2-3.)

Plaintiff cites LR 38-1 and F.R.C.P. 38 as authority for this request. These references, however, are totally irrelevant to a request to secure photographic evidence. Fed. R. Civ. P. 38 and Local Rule 38-1 pertain to the right to trial by jury and jury demand procedures and have no bearing on the validity of a document production request.

Plaintiff's citation (Doc. # 56 at 2) of the Ninth Circuit's decision in *Rhode v. Robinson*, 408 F.3d 559 (9th Cir. 2005), also provides no support for his request to have photographic evidence prepared for him. The issue in *Rhode*, as Judge O'Scannlain characterized it, was whether "the exhaustive efforts of

---

[1] Refers to court's docket number.

an incarcerated prisoner to remedy myriad violations of his First Amendment rights demonstrate his First Amendment rights were not violated at all." 408 F.3d at 563.

Defendant opposes Plaintiff's motion on the ground pictures of the area which Plaintiff wants photographed would "[jeopardize] the security of the property room and the immediately surrounding area." (Doc. # 61 at 1.) Defendant, however, submits no declaration of any Nevada Department of Corrections official explaining why photographs of these areas presents any compelling issues of security. Defendant has therefore failed to demonstrate why issues of institutional security should in and of itself be grounds to deny Plaintiff's requests.

While the court will not deny Plaintiff's motion on security grounds, the discovery Plaintiff's motion seeks via this should have first been pursued as a request for production under Fed. R. Civ. P. 34. Rule 34(a)(1)(A) allows a party to request photographs (as well as any diagrams) from another party. Plaintiff should have pursued the proper discovery channels and not via what is essentially a discovery motion (which also fails to comply with Local Rule 26-7 due to Plaintiff's failure to describe any attempts at informally resolving a discovery dispute).

Last Plaintiff seeks this production not from Defendant Oakley, but from unnamed "prison officials." The court cannot order a non-party to produce materials to be used by Plaintiff to prosecute his case.

Plaintiff's motion (Doc. # 56) is **DENIED.**

IT IS SO ORDERED.

DATED: May 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE