## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICKIE L. HILL, | ) | 3:11-cv-00609-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: Docs. # 57, # 58** |
| W. OAKLEY, et al., | ) | |
| Defendants. | ) | |

Before the court are two motions filed by Plaintiff herein, a motion to compel (Doc. # 57)[1] and a motion to suppress (Doc. # 58). Because these two documents are somewhat related, the court will discuss them jointly in this order.

**I.  Motion to Compel (Doc. # 57)**

In Plaintiff's 4/11/14 motion to compel, he requests this court to order Warden Baker to allow him to review the Defendant's discovery productions which Defendant apparently sent to the warden's office.(Doc. # 57 at 1.) Plaintiff states the Defendant's notice of submission of Defendant's discovery responses to the warden's office, which was dated March 19 2014, was not received by him until March 27, 2014. On that date, Plaintiff sent a request to the warden to view the responses. Not having received any reply, on April 7, 2014, Plaintiff again requested the opportunity to review these materials. On April 11, Plaintiff filed his motion to compel. According to another motion Plaintiff subsequently filed (a motion to suppress, Doc. # 58, discussed next), Plaintiff states he was able to inspect the document, apparently on April 8, 2014..

---

[1] Refers to court's docket number.

1  Defendant's opposition to Plaintiff's motion to compel states that because he was able to view
2  the discovery response, Plaintiff's motion to compel is moot. (Doc. # 62.)

3  Typically, any motion to compel would not be considered unless it complied with Local Rule
4  26-7, which requires the disputed discovery to accompany the motion along with a certification the
5  moving party first attempted to undertake a sincere effort to resolve the discovery motion. Plaintiff's
6  motion, to the extent it might be considered a typical motion to compel, would be deficient because it
7  fails to comply with these requirements. On the other hand, Plaintiff's motion is atypical in that it is not
8  seeking to compel an opposing party to comply with his discovery request. Instead it seeks to have the
9  Nevada Department of Corrections, to whom Defendant submitted his discovery responses for review
10 and inspection, make the documents available for his inspection.

11 However, because Plaintiff has since been able to inspect the Defendant's discovery responses,
12 which was the subject or purpose of Plaintiff's motion to compel, Plaintiff's motion (Doc. # 57) is moot
13 and is **DENIED.**

14 **II.  Motion to Suppress (Doc. # 58)**

15 Plaintiff has filed a "Motion to Suppress or have Stricken Defendant[']s Exhibits of March 19,
16 2014." (Doc. # 58,) Defendant has opposed (Doc. # 63) and Plaintiff has replied (Doc. # 68).

17 A motion to suppress is generally considered to apply only in the context of criminal trial
18 procedure. *See, e.g.*, Fed. R. Crim. P. 12(b)(3)(C). The court is not aware of any applicability of a
19 suppression motion to the civil arena.

20 Nevertheless, Plaintiff also characterizes his motion as one to strike Defendant's exhibits of
21 March 19, 2014. It appears that some of the documents Defendant Oakley included in his discovery
22 response are certain letters Plaintiff may have written to NDOC authorities reporting an unrelated assault
23 (i.e., unrelated to Defendant Oakley's alleged use of excessive force, which is the subject of this
24 litigation) by one or more fellow inmates while Plaintiff was incarcerated at Lovelock Correctional
25 Center. (Doc, # 52 at 2.) He contends these reports were supposed to be confidential.

26 The court is unclear as to the relief Plaintiff seeks. There has been no submission of his reports
27 to the court (which, until Plaintiff made reference to them in a public filing, had been maintained
28 essentially confidential). These reports are not part of any motion by Defendant (nor, as best as the court

1  can ascertain, should they be submitted as an exhibit to any dispositive motion).

2  As such, there is nothing for the court to strike. Plaintiff's motion (Doc. # 58) is **DENIED.**

3  IT IS SO ORDERED.

4  DATED: May 9, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE