UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>W. OAKLEY, et. al.,<br><br>　　　　　　　　　　Defendants. | 3:11-cv-00609-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion Seeking Preliminary Injunction. (Doc. # 78.)[1] Defendants filed a response. (Doc. # 85.) Plaintiff did not file a reply brief.

After a thorough review, the court recommends that Plaintiff's motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Am. Compl., Doc. # 7 at 1.) The allegations giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id*.) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) The only defendant is Correctional Officer Oakley. (*Id.*; Screening Order, Doc. # 24.) Plaintiff was allowed to proceed with his claim that defendant Oakley used excessive force against him in violation of the Eighth Amendment. (Doc. # 24.) Specifically, Plaintiff alleges that when he was transferred to ESP on October 19, 2010, defendant Oakley hit him twice in the stomach while Hill was fully restrained, causing a sharp pain as if his ribs had been broken and causing him to spit up blood. (Doc. # 7 at 3-5.) His other

---

[1] Refers to court's docket number.

1   claims were dismissed with prejudice. (Doc. # 24.)

2   Plaintiff has filed this motion seeking an order precluding Defendants from the following:
3   (1) taking his pens, writing paper, throwing away his legal work, searching it page for page,
4   mixing it into other cases, and cutting out case law with a pen; (2) writing him up for false rules
5   violations because he previously grieved them; (3) forcing him to have a cellmate in order to go
6   to general population, when that inmate made false accusations against him; (4) denying him
7   cellmates that he has bonded with and can trust. (Doc. # 78 at 1.) In addition, he asks the court
8   to: (1) stop Lieutenant Bryant from being the hearing officer at his disciplinary hearing,
9   contending that he is not unbiased because he was named and terminated in case 3:11-cv-717-
10  LRH-WGC; (2) permanently ship him away from ESP; and (3) take him off of disciplinary
11  segregation, which he contends he was placed on for allegedly "cussing out C/O Rowley
12  Christian for 'gripping [his] ass,' and after he filed a grievance on this issue, he was written up for
13  threats. (*Id.*)

14  Defendant Oakley opposes the motion, arguing: (1) the motion does not name him;
15  therefore, the court does not have jurisdiction to issue the requested relief; and (2) Plaintiff's
16  motion fails to address the requisite factors for injunctive relief. (Doc. # 85.)

### II. DISCUSSION

18  There are several flaws with Plaintiff's motion that lead the court to recommend its
19  denial.

20  First, Plaintiff directs his proposed order toward Rene Baker, who is not a party to this
21  action. Moreover, it only references Lieutenant Bryant and Correctional Officer Rowley
22  Christian, yet neither of these individuals are parties to this action. The court does not have
23  jurisdiction to issue an injunction directed at a non-party. *See Zenith Radio Corp. v. Hazeltine*
24  *Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding it was error to enter an injunction against a
25  non-party). "A federal court may issue an injunction if it has personal jurisdiction over the
26  parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights
27  of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727
28  (9th Cir. 1985). While there is a limited exception to this rule for non-parties who are "in active

1  concert or participation" with the parties, Plaintiff does not demonstrate the applicability of this
2  exception under these circumstances, and Rule 65 does not confer personal jurisdiction where it
3  otherwise is lacking. *See* Fed. R. Civ. P. 65(d)(2)(C). Therefore, Plaintiff's motion should be
4  denied on this basis.

5  Second, even assuming the motion was directed at defendant Oakley, or that he was
6  acting in concert with the individuals mentioned in the motion, Plaintiff has failed to establish
7  the requisites for injunctive relief. The purpose of a preliminary injunction or temporary
8  restraining order is to preserve the status quo if the balance of equities so heavily favors the
9  moving party that justice requires the court to intervene to secure the positions until the merits of
10 the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395
11 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded
12 as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every
13 case, the court "must balance the competing claims of injury and must consider the effect on
14 each party of the granting or withholding of the requested relief." *Winter v. Natural Resources*
15 *Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The
16 instant motion requires that the court determine whether Plaintiff has established the following:
17 (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence
18 of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the
19 public interest. *Id.* at 20 (citations omitted).

20 Plaintiff's motion fails entirely to address his likelihood of success on the merits, how he
21 is likely to suffer irreparable harm in the absence of injunctive relief, how the balance of equities
22 tips in his favor, and how an injunction would be in the public interest. Accordingly, the motion
23 should be denied on this basis as well.

24 Finally, although the Ninth Circuit has not addressed the issue directly, other circuits
25 have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship
26 between the injury claimed in the party's motion and the conduct asserted in the complaint."
27 *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245,
28 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega*

*World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Plaintiff has not set forth any relationship between the conduct of which he claims to be aggrieved in the motion and the excessive force claim pending in this action against defendant Oakley. Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Thus, Plaintiff's motion should be denied for this additional reason.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion (Doc. # 78).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: January 29, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE