UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICKIE L. HILL,

        Plaintiff,

vs.

WAYNE OAKLEY,

        Defendant.

3:11-cv-00609-RCJ-WGC

**ORDER**

This case is brought pursuant to 42 U.S.C. Section 1983 for Defendant's alleged use of excessive force in violation of the Eighth Amendment. Before the Court are the Report and Recommendations ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 105, 106) relating to Plaintiff's Motion for Preliminary Injunction (ECF No. 78) and Defendant's Motion for Summary Judgment (ECF No. 79).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons contained herein, the R&R on the Preliminary Injunction Motion is ACCEPTED, the R&R on the Motion for Summary Judgment is REJECTED, and Defendant's Motion for Summary Judgment is GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

At the time relevant to this action, Plaintiff was a prisoner at Ely State Prison ("ESP") in Ely, Nevada. Defendant was a correctional officer at ESP. On October 19, 2010, Plaintiff was

1

transferred to ESP where he would serve out a five year sentence. (Compl. 4, ECF No. 7). Plaintiff had previously spent time at ESP during which he and Defendant had a couple of disagreements. (*Id.*). Upon arrival in 2010, Plaintiff and a few other inmates waited in a hallway to be processed, while fully restrained. (*Id.*). Plaintiff was allegedly the last of the group to be stripped and classified. (*Id.*). Plaintiff claims that he was waiting in the hallway when Defendant Oakley commented "so you brought your ugly black ass back, huh?" (*Id.*). Plaintiff responded by telling Defendant to "go to Hell," to which Defendant allegedly responded "you're in no position to be talking shit." (*Id.*).

At this point, Plaintiff alleges that Defendant hit him in his stomach with full force after which Plaintiff claims to have felt "a sharp pain in his midsection." (*Id.*). Plaintiff claims that he believed his ribs had been broken and that he later spit up blood. Plaintiff was then taken into the "property room" where he was met by Caseworker Oxborrow and Nurse Fields. Plaintiff claims that Defendant then hit him again "in view of Oxborrow/Fields, the surveillance cameras, and two inmates who rode on the bus with [him]." (*Id.* at 5). After Defendant allegedly punched Plaintiff a second time, Plaintiff was led to his cell unit.

Proceeding pro se, Plaintiff filed a lawsuit against Defendant under Section 1983 for excessive force and violation of due process. The Complaint was screened and dismissed with leave to amend. (ECF No. 4). Plaintiff filed the Amended Complaint, which was also dismissed at the screening stage, but with prejudice. (ECF No. 9). Plaintiff appealed the dismissal. The Ninth Circuit affirmed the screening order as to the due process claim, but it reversed the dismissal as to the excessive force claim and remanded it to this Court. (ECF No. 19). The parties then engaged in discovery, after which Plaintiff filed a Motion for Preliminary Injunction and Defendant filed the Motion for Summary Judgment.

## II.     LEGAL STANDARD

A principal purpose of the summary judgment rule is to "isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A court grants summary judgment only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court "must draw all reasonable inferences supported by the evidence in favor of the non-moving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Rather, only genuine issues of *material* facts are relevant to the summary judgment analysis. A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248. "The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The burden is met by demonstrating to the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. This is done by citing to depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Once the initial burden is met, however, "Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial." *Fairbank*, 212 F.3d at 531.

Furthermore, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "In such

a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23.  Conversely, where reasonable minds could differ on the facts proffered in support of a claim, summary judgment should not be granted.  *Petzak v. Nevada ex rel. Dep't of Corr.*, 579 F. Supp. 2d 1330, 1333 (D. Nev. 2008).  "Summary judgment is inappropriate if reasonable jurors . . . could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

### III. DISCUSSION

Defendant argues that Plaintiff has not established a genuine dispute of material fact regarding whether he used excessive force on October 19, 2010.  In the alterative, Defendant asserts that he is entitled to qualified immunity and that the Motion for Summary Judgment may be granted independently for that reason.

#### A. Excessive Force

The Eighth Amendment protects prisoners from cruel and unusual punishments including the use of excessive force by prison guards. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A prisoner claiming excessive force must allege and prove that the force applied was an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).  This question "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320–321 (quotations and citation omitted); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

"In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts

made to temper the severity of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The degree of the injury suffered compared to the particular situation is also instructive on whether the force was excessive. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9–10 (quoting *Whitley*, 475 U.S. at 327). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38 (citation omitted).

In this case, the Court finds that Plaintiff has failed to establish a genuine dispute of material fact of whether Defendant acted with excessive force. To satisfy his burden as the moving party for summary judgment, *see Fairbank*, 212 F.3d at 531, Defendant provides the following evidence: his own sworn affidavit, (ECF No. 79-1), the sworn affidavit of Caseworker Oxborrow, (ECF No. 79-2), the sworn affidavit of ESP's Director of Nursing, (ECF No. 79-3), Plaintiff's medical records, (ECF No. 81), and Plaintiff's disciplinary charges, (ECF No. 79-5).

Defendant claims that at no time on October 19, 2012 did he "ever physically or verbally assault[] [Plaintiff] in any manner." (Oakley Aff. ¶¶ 4–5). Caseworker Oxborrow, who Plaintiff claims witnessed Defendant's use of force, states that he "did not witness any assault by [Defendant] against [Plaintiff] on October 19, 2010," and that if he had witnessed an assault he "would have reported it to the administration pursuant to administrative regulations and procedures." (Oxborrow Aff. ¶ 9).

1     Additionally, ESP's Director of Nursing claims that he conducted a review of Plaintiff's
2  medical records and kites for October 2010-March 2011 to determine whether there was any
3  record that Plaintiff was assaulted on or around October 19, 2010. (Garner Aff. ¶ 4).  This search
4  proved unfruitful and the Director was unable to locate "any inmate correspondence; kite;
5  unusual occurrence report or any other request or written report in [Plaintiff's] file regarding any
6  alleged injury as a result of [Defendant's]" alleged assault. (*Id.* ¶ 5).  Additionally, there was "no
7  record of [Plaintiff] having a broken rib or that he was spitting up blood as a result of an alleged
8  assault by [Defendant] on or about October 19, 210." (*Id.* ¶ 6).  A review of the medical records
9  and kites provided by Defendant corroborates the Director's statements. (*See generally* Medical
10 Documents, ECF No. 81).

11    Based on this evidence, the Court determines that Defendant has successfully shown that
12 there are no genuine issues for trial and that he did not violate Plaintiff's Eighth Amendment
13 rights.  Accordingly, the burden now shifts to Plaintiff to rebut Defendant's evidence and
14 demonstrate that triable issues exist. *Fairbank*, 212 F.3d at 531.

15    Beyond the arguments made in his Complaint, Plaintiff provides the Court with two
16 pieces of evidence: his own sworn affidavit, (ECF No. 93, at 23), and the affidavit of fellow
17 prisoner, Charles Webb, (ECF No. 93, at 19, 21).  Plaintiff claims that on October 19, 2010,
18 Defendant "assaulted [him] twice by punching [him] in the stomach" while he was restrained.
19 (Hill Aff. ¶ 1).  Plaintiff also claims that the alleged assault by Defendant "was unprovoked."
20 (*Id.*).  Plaintiff's allegations that he thought his ribs were broken and that he spit up blood are
21 contained elsewhere. (Pl.'s Opp'n Mot. Summ. J. 3, ECF No. 93).  Prisoner Webb adds that in
22 "June 2011 Caseworker Oxborrow told [Webb's] neighbor [that] [Defendant] may be fired for
23 assaulting [Plaintiff]. (Webb Aff. ¶ 1, ECF No. 93, at 19).  Prisoner Webb also claims that in
24

April 2011, he "overheard [Defendant] bragging . . . that he had beat [Plaintiff] up when he first arrived [at ESP] in 2010." (Webb Aff. ¶ 1, ECF No. 93, at 21).

The Court finds that this is insufficient evidence to create a genuine dispute of material fact regarding whether Defendant used excessive force. As the Ninth Circuit has held, conclusory and self-serving affidavits are insufficient to create a genuine issue of material fact. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). Plaintiff's claims, therefore, that Defendant punched him in the stomach cannot alone be the basis for denying summary judgment given the evidence that Defendant has offered to the contrary. *Id*. Prisoner Webb's affidavit does not remedy this problem for two reasons. First, the claim that Webb's cell neighbor told him that Caseworker Oxborrow told the cell neighbor that Defendant might be fired for assaulting Plaintiff is hearsay and inadmissible. *See* Fed. R. Evid. 802. Second, although Webb's claim regarding Defendant's alleged bragging may be admissible as a party admission, *see* Fed. R. Evid. 801(d)(2), the statement does not establish that Webb saw the alleged assault or that Defendant acted with excessive force.

At best, Plaintiff's evidence demonstrates a dispute regarding whether or not Defendant punched him at all. It does not, however, create a triable issue as to whether Defendant acted with *excessive* force. *Wilkins*, 559 U.S. at 38. There is no evidence before the Court relating to Plaintiff's alleged injuries. And while even minor injuries may support an excessive force claim, *Hudson*, 503 U.S. at 7, there must be at least some proof that the prisoner actually suffered harm, *see Wilkins*, 559 U.S. at 36 (noting that the prisoner had provided "medical records purporting to corroborate his injuries and course of treatment").

Plaintiff claims that he complained to the nurse about spitting up blood and that she told him that he was probably not brushing his teeth enough, (Pl.'s Opp'n 4), but there is no actual

7

proof that this conversation took place. Although Plaintiff asserts that another ESP correctional officer confiscated the medical kite through which this conversation occurred, it does not change the fact that there is no evidence in the record supporting Plaintiff's claims of injury. Even an affidavit from a cellmate or other prisoner averring that Plaintiff complained of pain in his midsection on or around October 19, 2010 might give the Court something on which to base a finding of disputed material fact. Here, though, Plaintiff offers nothing.

The lack of any corroborating testimony from the purported witnesses to the assault is also detrimental to Plaintiff's claim. Plaintiff states that there were at least four witnesses to Defendant's actions—Caseworker Oxborrow, Nurse Fields, and two other prisoners. Of those four, only Caseworker Oxborrow has provided an affidavit, in which he attests to have not seen Defendant assault Plaintiff. Plaintiff argues that Nurse Fields would be able to testify at trial that Defendant did in fact punch him in the stomach. The Court, however, cannot simply take Plaintiff's word on the matter.

If Nurse Fields has testimony to offer in this case it should have been obtained during the discovery process and presented in opposition to Defendant's motion. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that the district court determines whether a genuine issue of fact exists for summary judgment purposes based on the evidence set forth in the opposing papers). The Court acknowledges the difficulty that pro se prisoners may experience in collecting evidence supportive of an excessive force claim; nevertheless, Plaintiff's failure to secure Nurse Fields's testimony at this point in the litigation does not bode well for the Nurse's willingness to testify at trail. Furthermore, there is no indication that Nurse Fields actually has testimony that would support Plaintiff's allegations, particularly given the fact that Caseworker Oxborrow states that he witnessed no assault.

Based on Plaintiff's lack of evidentiary support, the Court finds that no genuine dispute of material fact exists for trial. Therefore, Defendant's Motion is granted.

### B. Qualified Immunity

"[Q]ualified immunity is 'an immunity from suit rather than a mere defense to liability [and] it is effectively lost if a case is erroneously permitted to go to trial.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Accordingly, the Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). In conducting a qualified immunity analysis on summary judgment, the court may not resolve genuine disputes of fact in favor of the moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). Indeed, as with any summary judgment motion, all evidence related to qualified immunity must be viewed "in the light most favorable to the opposing party." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

"In resolving questions of qualified immunity at the summary judgment stage, courts engage in a two-pronged inquiry." *Tolan*, 134 S. Ct. at 1865. The first prong asks whether the facts, taken in the light most favorable to the injured party, show that the defendant's conducted violated a federal right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Force does not amount to a constitutional violation [such that it is cruel and unusual] if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Clement*, 298 F.3d at 903 (quoting *Whitley*, 475 U.S. at 320–21). The second prong asks whether the right in question was "clearly established" at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Courts have discretion to decide the order in which to evaluate these two prongs. *Pearson*, 555 U.S. at 236.

In the present case, the Court finds the first prong to be dispositive. Taking the facts in the light most favorable to Plaintiff requires the Court to accept as true that Plaintiff was restrained and that Defendant punched him in the stomach. Nevertheless, Plaintiff concedes that he told Defendant to "go to Hell." Plaintiff also acknowledges that there were other prisoners around at the time of his exchange with Defendant, such as those who allegedly saw the assault. The need for order during the prisoner intake process is obvious. Although Plaintiff was restrained, the Court finds that Defendant would have been justified in exercising at least some force so as to ensure that Plaintiff's behavior did not incite the other prisoners. Thus, even if Defendant did hit Plaintiff the Court does not find that Defendant acted solely for the malicious and sadistic purpose of causing harm rather than in an attempt to restore discipline. *Clement*, 298 F.3d at 903.

Therefore, the Court finds that even if Plaintiff had demonstrated a genuine issue for trial, summary judgment is nevertheless warranted because Defendant is entitled to qualified immunity.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Magistrate Judge's R&R on Plaintiff's Motion for Preliminary Injunction (ECF No. 105) is ACCEPTED and ADOPTED.

IT IS FURTHER ORDERED that the Magistrate Judge's R&R on Defendant's Motion for Summary Judgment (ECF No. 106) is REJECTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 79) is GRANTED.

IT IS SO ORDERED.

Dated: February 19, 2015

_____
ROBERT C. JONES
United States District Judge